Filed 4/22/22  P. v. Johnson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　v.<br><br>CEDRICK JOHNSON,<br><br>　　Defendant and Appellant. | B310165<br><br>Los Angeles County<br>Super. Ct. No. TA095220 |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Kathy R. Moreno, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel Chang and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

A jury convicted Cedrick Johnson and a codefendant of first degree murder and attempted murder. Johnson filed a petition for resentencing under Penal Code section 1170.95 and requested appointment of counsel. Without appointing counsel, the trial court denied the petition because Johnson "was not convicted of murder pursuant to the felony murder rule nor the natural and probable consequence doctrine." The trial court erred in denying the petition before appointing counsel, but the error was harmless because the record of conviction establishes Johnson is ineligible for relief as a matter of law. We affirm. Undesignated statutory citations are to the Penal Code.

I

Johnson and codefendant Daniel Colvin were members of the East Coast Crips gang. Early in the morning of January 27, 2008, East Coast Crips gang members shot several Grape Street gang members, killing two. Grape Street gang members then killed an East Coast Crips gang member in retaliation later that morning. About an hour after that, a black Impala drove past a housing project where two members of the Grape Street gang were standing outside, stopping on its second pass. A man got out of the front passenger side and fired several shots from a semiautomatic gun at the two men. The bullets killed one of the men and wounded the hand of the other.

Police saw a black car with a raised object on the trunk on surveillance video from the housing project. They arrested Colvin and impounded his black Impala with a raised object on the trunk. Police arrested Johnson a few days later. During a search of Johnson's home, they found pictures of people making gang signs, papers with East Coast Crips gang writing, and a printout from the L.A. Times homicide blog about the killing of one of the

Grape Street gang members on the morning of January 27.  After the arrests, police secretly recorded conversations Johnson and Colvin had with each other and with other people.  During these conversations, each man made statements about being involved in the shooting at the housing project.

A jury convicted Johnson and Colvin of first degree murder and attempted murder.  (§§ 187, subd. (a), 664, subd. (a).)  In connection with each charge, the jury found true that a principal personally discharged a firearm causing death and that the crime was for the benefit of or in association with a criminal street gang.  (§§ 12022.53, subds. (d) & (e)(1), 186.22, subd. (b)(1) & (2).)  The court sentenced Johnson to a total term of 50 years to life.

Johnson appealed.  We affirmed.  (*People v. Johnson* (Nov. 2, 2009, B212011) [nonpub. opn.].)

In 2020, Johnson filed a petition to be resentenced under section 1170.95.  He asked that counsel be appointed.  The trial court denied the petition without appointing counsel.  The court held Johnson "was not convicted of murder pursuant to the felony murder rule nor the natural and probable consequences doctrine."  Johnson appealed this order.

## II

## A

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) to limit the felony-murder rule and eliminate the natural and probable consequences doctrine.  (Stats. 2018, ch. 1015, § 4.)  Senate Bill No. 1437 added section 1170.95, which sets forth the procedure for a person to petition the trial court to vacate a murder conviction and seek resentencing.  (§ 1170.95, subd. (a).)  A person is eligible for this relief when:  (1) the prosecution filed a complaint, information, or indictment against

the petitioner allowing the prosecution to proceed under a felony-murder or natural and probable consequences theory; (2) a jury convicted the petitioner of murder or attempted murder at trial, or the petitioner accepted a plea offer instead of a trial at which the jury could have convicted the petitioner of murder or attempted murder; and (3) the petitioner could not now be convicted of murder or attempted murder because of the amendments to sections 188 and 189.  (§ 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

The trial court reviews petitions to determine if the petitioner has made a prima facie showing that meets the above criteria.  If a petitioner requests counsel, the trial court must appoint counsel.  (§ 1170.95, subd. (b)(3).)  If the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to show cause.  (*Id.*, subd. (c).)

B

The trial court should have appointed counsel for Johnson because he filed a facially sufficient petition and requested counsel.  (§ 1170.95, subd. (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 963 (*Lewis*).)  The prosecutor concedes this.  We affirm, however, because the error was harmless.

We evaluate a trial court's failure to appoint counsel under the harmless error standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836.  (*Lewis*, *supra*, 11 Cal.5th at p. 973.)  In the section 1170.95 context, this means Johnson must show it is reasonably probable his petition would not have been summarily denied without an evidentiary hearing if counsel had been appointed.  (*Id.* at p. 974.)

In determining whether a petition is facially sufficient, a trial court should not engage in factfinding.  (*Lewis*, *supra*, 11

4

Cal.5th at p. 971.) But if the court's own documents contain facts contradicting those in the petition, the court may make a credibility determination against the petitioner. (*Ibid.*) Where the record shows the petitioner's conviction was under a theory unaffected by Senate Bill No. 1437's amendments, the petitioner is ineligible for relief as a matter of law. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 866–867.)

The record shows Johnson is ineligible for relief as a matter of law. The trial court did not instruct the jury on felony murder or the natural and probable consequences doctrine. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204–205 [petitioner ineligible for relief where court did not instruct jury on any theory of liability requiring malice be imputed to petitioner].) Counsel could not have altered this conclusive fact.

Johnson argues this court cannot conduct an adequate review because (1) the certified record contains only the charging and sentencing documents and (2) the trial court's denial does not contain analysis, explanation, or reference to the record. Neither contention is sound.

On the first issue, judicial notice solves the problem. The prosecutor has asked us to take judicial notice of the record in Johnson's prior appeal. Johnson did not object to the request or provide any reason why we should not do so. We grant the request. This record includes the jury instructions given at trial, establishing Johnson is ineligible for relief under section 1170.95 as a matter of law.

On the second issue, the trial court did state its reasoning: Johnson did not qualify for relief because the jury did not convict him under the felony-murder rule or natural and probable consequences doctrine. Moreover, we may affirm on any ground

5

supported by the record.  (*People v. Turner* (2020) 10 Cal.5th 786, 807.)  This record provides adequate information.

**DISPOSITION**

We affirm.

WILEY, J.

We concur:

GRIMES, Acting P. J.

HARUTUNIAN, J.*

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6